UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO.:  2:17-cr-60-FtM-38MRM

WILLIAM PIPER
_____

## OPINION AND ORDER[1]

Before the Court is Defendant William Piper's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 123) and the Government's response in opposition (Doc. 126).  For the below reasons, the Court denies the motion.

Almost two years ago, the Court sentenced Defendant to 97 months' imprisonment for a drug offense.  (Doc. 83).  He is serving the sentence at Coleman Low FCI and won't be released for another four years.  Despite having over half his sentence remaining, Defendant wants the Court to release him now because his high blood pressure, psoriasis, nerve damage, and medication (including an immunosuppressant) make him a higher risk for COVID-19.  (Doc. 123 at 9-10).  The Government opposes the motion because Defendant has shown no extraordinary and compelling reasons for release, and his offense and post-sentencing conduct weigh against release.  (Doc. 125).

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment for "extraordinary and compelling circumstances."  A court does so on motion of either the Director of the Bureau of Prisons ("BOP") or the defendant after he "has fully exhausted

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

all administrative rights." *Id.* § 3582(c)(1)(A)(i). A defendant seeking compassionate release must show that release is warranted. See *United States v. Heromin*, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

In considering extraordinary and compelling circumstances, courts turn to the Sentencing Commission's policy statement that provides examples of qualifying circumstances. U.S.S.G. § 1B1.13 cmt. (n.1). Examples include terminal illness, a serious medical condition that substantially diminishes the defendant's ability to provide self-care in prison, and death of the caregiver of the defendant's minor children. Even if an extraordinary and compelling reason exists, courts grant release only if the defendant is not a danger to the public and the 18 U.S.C. § 3553(a) factors favor release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

After careful review of the record, parties' arguments, and applicable law, the Court denies Defendant's motion. Although he has exhausted his administrative remedies, Defendant has not shown extraordinary and compelling circumstances. At age fifty-two, he seeks release because of his medical conditions. Other than Defendant's say so, however, he provides no medical records to corroborate any diagnoses or medications. Even accepting Defendant's declared medical conditions, none are terminal illnesses. Nor does Defendant allege any condition substantially diminishes his ability to provide self-care. Defendant's most serious condition is high blood pressure. But the Center for Disease Control considers an individual with high blood pressure might "be at increased risk for severe illness from COVID-19." (Doc. 126 at 15). The possibility that Defendant might be an increased risk with COVID is not enough to show an extraordinary and compelling circumstance. Besides, should Defendant ever contract COVID or manifest

2

symptoms, the BOP has procedures in place (e.g., medical isolation and treatment) to treat him.

That said, even if Defendant could show extraordinary and compelling circumstances for compassionate release, his offense and post-sentencing conduct weigh against release. In reaching this finding, the Court considers the § 3553(a) factors. Defendant was convicted of possessing with the intent to distribute more than one-and-half pounds of crystal methamphetamine. (Doc. 80). Police also found six firearms in his home where he stored his drugs. The nature and circumstances of Defendant's weighty offense convince the Court that release is not proper.

To the extent that Defendant relies on his achievements while in prison to support his release, he is mistaken. Defendant's prison disciplinary record overshadows his accomplishments. In the past year, the BOP has sanctioned him three times for incidents like possessing a cell phone and cigarettes. (Doc. 126-1). He had to be transferred from a minimum-security camp to the higher-security facility where he is housed. (Doc. 123-2). Defendant has also lost good behavior time and phone privileges. The Court cannot ignore Defendant's post-sentencing behavior when considering his reques, as it shows his disrespect for authority and lack acceptance of responsibility. For the reasons above, the Court denies Defendant's motion.

Accordingly, it is now

**ORDERED:**

Defendant William Piper's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(1)(A) (Doc. 123) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 24th day of July 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record